# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JERRY ORENTHAL GREEN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CV416-153 |
| ) | CR405-139 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

The Court **VACATES** its prior Report and Recommendation (R&R), doc. 69,[1] and substitutes this in its place.[2] Jerry Orenthal Green was convicted by a jury of violating 18 U.S.C. § 922(g) (possession of a firearm by a convicted felon) and given an enhanced sentence of 293 months under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). *See* docs. 1 (indictment); 41 (jury verdict); 46 (judgement for 293 months' imprisonment); 53 (mandate affirming judgment, filed September 7, 2006). Invoking 28 U.S.C. § 2255, he seeks to exploit the new rule announced in *Johnson v. United States*, 576 U.S. __, 135 S. Ct.

---

[1] The Court is citing to the criminal docket in CR405-139 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

[2] This R&R serves to address Green's timely-lodged objections to the Court's prior R&R, which raised several matters meriting further review.

2551 (2015), and made retroactive by *Welch v. United States*, 578 U.S. __, 136 S. Ct. 1257 (2016), to neutralize his career-felon enhancement.[3] Doc. 62 at 4. The Court's last R&R ruled against Green, but he filed Fed. R. Civ. P. 72(b)(2) Objections addressed here. Doc. 72.

I.  **BACKGROUND**

Green was found guilty by a jury of one count of possession of a firearm by a convicted felon. Doc. 41. His Presentence Investigative Report (PSR) deemed him an armed career criminal, and the Court ultimately sentenced him to 293 months' imprisonment. Docs. 45 & 46; PSR at ¶¶ 22, 28, 30.

After unsuccessfully appealing his conviction, *United States v. Green*, 219 F. App'x 843 (11th Cir. 2006), Green filed a motion to correct his sentence, arguing, *inter alia*, that the PSR erroneously described his conviction for two counts of robbery as separate incidents. Doc. 55 at 2. The Court denied his motion, and his appeal from that order was dismissed for lack of prosecution. Docs. 56 & 61.

The Supreme Court has since held in *Johnson* that the "residual

---

[3] The enhancement was based upon Green's prior convictions for drug offenses and violent felonies, to wit: possession with intent to distribute marijuana, armed robbery, and two counts of robbery. PSR ¶¶ 28-30; *see also* doc. 5-1.

clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague. 135 S. Ct. at 2557. Green argues that his convictions for robbery do not survive *Johnson* as ACCA-predicates. Doc. 62-1 at 7. The Government opposes. Doc. 67.

## II. ANALYSIS

### A. The *Johnson* Decision

The ACCA provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g), and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Plain vanilla, felon-in-possession convictions fetch a maximum 10 year sentence, *see* 18 U.S.C. § 922(a)(2), while the ACCA enhancement mandates a 15 year minimum (and a maximum of life). 18 U.S.C. § 924(e)(1).

To qualify as an ACCA "violent felony" predicate at the time of sentencing, a prior conviction must be an offense that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, [or] involves the use of explosives"; or (3) "otherwise involves conduct that

3

presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). These three definitions are known, respectively, as (1) the elements clause, (2) the enumerated crimes clause, and (3) the residual clause. *Johnson* held that that "residual clause" is unconstitutionally vague. *See* 135 S. Ct. 2551, 2557. It said nothing, however, about ACCA enhancements predicated on convictions for "serious drug offenses" or "violent felonies" as defined by ACCA provisions other than the residual clause. *See, e.g.*, *Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony," much less its definition of "serious drug offense"). After *Johnson*, enhancements based on those offenses remain valid. *United States v. Tinker*, 618 F. App'x 635, 637 (11th Cir. 2015) (convictions that qualify as violent felonies under the "elements" clause of the ACCA, rather than the "residual" clause, survive *Johnson*); *United States v. Garcia-Martinez*, 2017 WL 104462 at * 2 (11th Cir. Jan. 11, 2017) ("One type of qualifying offense is a 'violent felony.'").

## B.  ACCA Predicates

Green disputes that his ACCA-enhanced sentence survives

4

*Johnson*. Docs. 62 & 72. He contends that none of his four prior convictions qualify as ACCA predicates and that, regardless, he does not have a total of three qualifying offenses because his two prior convictions for robbery actually "consisted of one simultaneous crime occurring at the exact same time and location and not at different times." Docs. 62-1 at 7 & 72 at 9-10. Green is correct that his conviction for possession with intent to distribute marijuana under South Carolina law is not a valid ACCA predicate.[4] His three remaining convictions for the armed robbery

---

[4]  Green previously conceded that this conviction qualified as an ACCA predicate in his moving papers, *see* doc. 62, but now objects to its use for ACCA-enhancement, doc. 72, despite contrary authority. *In re Williams*, 826 F.3d 1351, 1356 (2016) (prior convictions for a "felony drug offense" are "not even arguably affected by *Johnson*'s holding regarding the ACCA's residual-clause definition of a violent felony."). Though there are no *Shepard* documents in the record to elucidate the history of this conviction, S.C.C.A. § 44-53-370(b)(2) provides that a person convicted of possession with intent to distribute marijuana, a Schedule I controlled substance, or cocaine, a Schedule II controlled substance, "is guilty of a felony and upon conviction, for a first offense must be imprisoned not more than five years or fined not more than five thousand dollars, or both."

   Under the ACCA, only those state drug offenses "for which a maximum term of imprisonment of *ten* years or more is prescribed by law" qualify as "serious drug offense[s]." 18 U.S.C. § 924(e)(2)(A)(ii) (emphasis added). Thus, a first-time conviction for possession could not qualify as an ACCA-predicate. But this was not Green's first rodeo. He had previously been convicted of possession of cocaine in violation of O.C.G.A. § 16-13-30(j), *see* PSR ¶ 26, and his Georgia probation was revoked upon his South Carolina conviction for possession of marijuana in violation of S.C.C.A. § 44-53-370(b)(2). *See* PSR ¶¶ 26 & 28.

   Still, Green was apparently assigned "Youthful Offender" status for that offense. And because it is unclear just what transpired at the indictment, plea, and sentencing level in his possession with intent to distribute marijuana case, the Court must conclude that he was sentenced as a first-time offender -- subject to only a maximum

of Kenneth Arkwright and robbery by intimidation of Sanchez Gardner and Steven Williams, however, remain qualifying offenses triggering ACCA enhancement.

### 1. Armed Robbery

Green previously conceded that his 1992 conviction for armed robbery was an ACCA predicate, but now objects that it no longer qualifies. *See* docs. 62 & 72. His contention is patently without merit. At the time of his conviction, under Georgia law "[a] person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon . . . ." O.C.G.A. § 16-8-41; *see* PSR at ¶ 30 (on October 24, 1992, movant robbed Kenneth Arkwright at gunpoint and took his car and cash). Armed robbery clearly "has as an element the use, attempted use, or threatened use of physical force against the person of another" within the meaning of the ACCA. 18 U.S.C. § 924(e)(2)(B).

---

term of five years. That conviction therefore cannot be relied on as a "serious drug offense" within the meaning of the ACCA. This result offers him no succor, however, as his other three prior "violent felonies" remain valid ACCA predicates.

### 2.  Robberies by Intimidation

Green was indicted by the State of Georgia for two counts of armed robbery and two counts for felon-in-possession of a firearm during the commission of a crime.  Doc. 67-1 at 6-7.  He pled guilty to two counts of "robbery" and one count of possession of a firearm as a convicted felon in exchange for dismissal of the charge of use of a firearm during commission of a crime.  *Id.* at 10, 12-13.

Interestingly, an apparent clerical error appears on the indictment. Green was charged with two separate counts of "armed robbery" in violation of "§ 16-8-4."  *See* doc. 67-1 at 6.  But O.C.G.A. § 16-8-4 criminalizes "theft by conversion," while O.C.G.A. § 16-8-41 criminalizes "armed robbery."  Though *Johnson* and its progeny demand a high level of specificity when it comes to *Shepard* documents[5] supporting the statutory basis of conviction, it is clear from the indictment that the grand jury had been directed to determine whether Green had committed "armed robbery" as defined by O.C.G.A. § 16-8-41, and had in fact charged Green with armed robbery under that statute, *not* § 16-8-4.  *See*

---

[5]  The Court relies upon a limited class of documents associated with the defendant's state conviction (*e.g.*, the indictment, jury instructions, or plea agreement and colloquy) to determine the statutory basis of conviction.  *See Shepard v. United States*, 544 U.S. 13, 26 (2005).

7

doc. 67-1 at 6 (indictment charging Green with having committed "armed robbery" in two separate incidents on the same day, by taking, "with intent to commit a theft," Steven Williams' wallet and Sanchez Gardener's money "by use of an offensive weapon, to wit: a certain firearm."); *see also* PSR at ¶ 29. Further complicating matters, Green pled guilty to a reduced charge of "robbery." Doc. 67-1 at 10.

Movant, apparently latching upon this confusion, contends that he pled guilty to and was actually convicted of "robbery by snatching," under O.C.G.A. § 16-8-40. *See, e.g.*, docs. 62 at 4, 10-13; 68 at 14. The Georgia armed robbery statute itself, however, provides *only* for the lesser included offense of "robbery by intimidation" under O.C.G.A. § 16-8-40. O.C.G.A. § 16-8-41(a); *see Johnson v. United States*, 559 U.S. 133, 144 (2010) (where *Shepard* documents do not establish which separate crime the conviction necessarily involves, the Court must assume that the prior conviction involved the least prohibited act punishable under the statute). As Green clearly did not plead guilty to two counts of armed robbery under § 16-8-41 (as charged in the indictment) -- particularly given that he was sentenced to only 4 years' imprisonment (to be served concurrently on each count), when O.C.G.A. § 16-8-41(b)

requires a minimum 10-year sentence for armed robbery -- the Court *must* conclude that he pled guilty to the (only) lesser included offense of robbery by intimidation. *See id.* at § 16-8-41(a). His contention that he actually pled to "robbery by snatching" is without merit, as it is both *not* an included offense under the statute[6] and there is absolutely *no* evidence in the *Shepard* documents that robbery by snatching was even on the table. *See* doc. 67-1 at 10-11 (negotiated plea for "robbery"), 12 (4-year sentence imposed on two counts of "armed robbery" and felon-in-possession of a firearm); doc. 62-1 at 25. The next step here, then, is to examine whether robbery by intimidation qualifies as an ACCA predicate.

---

[6] The statute provides that the "offense of robbery by intimidation shall be a lesser included offense in the offense of armed robbery." O.C.G.A. § 16-8-41(a). No other variation of robbery under § 16-8-40 is listed, and this Court has not found any Georgia Supreme Court case holding robbery by snatching to be a lesser included offense of § 16-8-41. "Pursuant to the principle of statutory construction, '*Expressum facit cessare tacitum*' (if some things are expressly mentioned, the inference is stronger that those omitted were intended to be excluded) and its companion, the venerable principle, '*Expressio unius est exclusion alterius*" ("The express mention of one thing implies the exclusion of another")," the identification of *only* § 16-8-40(b) robbery by intimidation as a "lesser included offense" of O.C.G.A. § 16-8-41 is presumed to exclude other types of robbery not specifically listed, like robbery by sudden snatching. *Alexander Properties Grp. Inc. v. Doe*, 280 Ga. 306, 309 (2006) (discussing O.C.G.A. § 16-12-100(b)(5)); *see also United States v. Koonce*, 991 F.2d 693, 698 (11th Cir. 1993) ("The canon of statutory construction that the inclusion of one implies the exclusion of others is well-established."); *accord* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts*, 107 (2012).

Robbery in Georgia can be committed in one three of ways: by use of force; by intimidation, threat or coercion, or placing a person in fear of immediate bodily injury; or by "sudden snatching." O.C.G.A. § 16-8-40. Given the disjunctive listing of statutory elements, Georgia's robbery statute cannot categorically qualify as a violent felony following *Johnson*. *In re: Herman McClouden*, No. 16-13525-J (11th Cir. July 12, 2016), copy available at *McClouden v. United States*, 2016 WL 5109530 at *4 (S.D. Ga. Sept. 20 2016). Instead, it must be analyzed under the modified categorical approach. *Mathis v. United States*, 136 S.Ct. 2243, 2249 (2016); *Descamps v. United States*, 570 U.S. __, 133 S.Ct. 2276, 2281 (2013) (the modified categorical approach is used when a statute is "divisible," such that it "sets out one or more elements of the offense in the alternative").

Robbery by intimidation occurs when "[a] person . . . with the intent to commit theft . . . takes property of another from the person of another or the immediate presence of another . . . by intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another . . . ." O.C.G.A. § 16-8-40(a)(2). "A conviction for robbery by intimidation . . . requires proof

that the theft was attended with such circumstances of terror -- such threatening by word or gesture, as in common experience, are likely to create an apprehension of danger, and induce a [person] to part with his property for the safety of his person." *Smith v. State*, 247 Ga. App. 173 (2000). On the state statute's elements, that's a clear use of the "threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(l)(2)(B)(i); *Brown v. United States*, 2016 WL 7013531 at *3 (S.D. Ga. Nov. 7, 2016) (citing *Cooks v. United States*, 2015 WL 7069665 at *2 (S.D. Ga. Nov. 13, 2015) ("[R]obbery by intimidation contains as an element a threat, implicit or overt, which would likely create fear for the safety of the person being threatened. Although this definition does not include the word force, the natural corollary of an act that creates fear for the safety of a person is the threatened use of physical force against that person."))[7] *See In re Hires*, 825 F.3d 1297,

---

[7] Indeed, the Seventh Circuit reached this same conclusion and held that Georgia's robbery by intimidation statute falls under the elements clause of the ACCA because it contains as an element a threat of the use of physical force. *See United States v. Thomas*, 280 F.3d 1149, 1159 (7th Cir. 2002). Other circuits have held that similar robbery by intimidation statutes fall under the elements clause. *See, e.g., United States v. Mitchell*, 743 F.3d 1054, 1059 (6th Cir. 2014); *United States v. Taylor*, 529 F.3d 1232, 1237 (9th Cir. 2008); *United States u. Melton*, 344 F.3d 1021, 1026 (9th Cir. 2003); *United States v. Presley*, 52 F.3d 64, 69 (4th Cir. 1995) (Virginia robbery by intimidation statute involved threatened use of physical force); *see also United States v. Smith*, 2016 WL 6875877 at * 6 (E.D. Tenn. Nov. 21, 2016) ("All federal

1303 (11th Cir. 2016) ("because [movant's] convictions qualified under the elements clause, that settles the matter for *Johnson*-residual clause purposes regardless of whether those convictions would count were [he] being sentenced today.").

Green's convictions for armed robbery (of Kenneth Arkwright) and robbery by intimidation (of Steven Williams and Sanchez Gardener)[8]

---

courts of appeals which have considered robbery offenses that . . . require more force than mere purse snatching have concluded that such offenses qualify as either crimes of violence or violent felonies under the use-of-force clause.") (collecting cases).

[8]  Green disputes that the two robberies should be considered separate incidents, as they occurred on the same day; he was arrested for both at the same time; and the two incidents were presented together at the indictment, plea, and conviction stages. Docs. 62 at 6 & 72 at 9. This claim, however, is procedurally defaulted. *See Green*, 219 F. App'x 843 (only claim presented on appeal was on sufficiency of the evidence); *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (a movant may not use his collateral attack as "a surrogate for a direct appeal."). The PSR described the convictions as separate incidents for enhancement purposes, and movant did not object to (or appeal) that characterization. *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) ("[A] failure to object to allegations of fact in a PSI admits those facts for sentencing purposes."); *see also In re Hires*, 825 F.3d at 1302 (undisputed facts in a PSR may be relied upon in determining whether prior convictions are ACCA predicates). And, he presents no ineffective assistance of counsel claim that can overcome this default. *See* doc. 62.

The *Shepard* documents, further, indicate that these two robberies were *properly* considered separate occasions for enhancement purposes. *See United States v. Sneed*, 600 F.3d 1326, 1332-33 (11th Cir. 2010) (courts may look to *Shepard*-approved sources to determine whether the prior offenses were "temporally distinct" (committed on different occasions) for purposes § 924(e) enhancement); doc. 67-1 at 6-11 (indictment and guilty plea to *two* counts of felony robbery, with *two* four-year sentences to be concurrently served, for armed robberies of Sanchez Gardner and Steven Williams); doc. 62-1 at 29 (plea hearing transcript). *United States v. Weeks*, 711 F.3d 1255, 1261 (11th Cir. 2013) (the fact that the robberies "occurred within close proximity to one another is not determinative, as even small gaps in time and

12

thus meet the three-conviction threshold for ACCA career-offender enhancement. 18 U.S.C. § 924(e)(1). *Johnson* therefore has no impact on the validity of his sentence.

## III. CONCLUSION

Jerry Orenthal Green's prior convictions remain predicate offenses triggering an ACCA enhancement. *See* 18 U.S.C. §§ 924(e)(1) & (2)(B). His § 2255 motion should thus be **DENIED** on the merits.[9] For the

---

place are sufficient to establish separate offenses."). And the fact that Green was arrested for both crimes at the same time has no bearing on whether he was charged and convicted for both crimes *separately*.

Green's objection that the sentencing Superior Court judge believed that his "two robbery convictions occurred simultaneously and that [he] did not ple[a]d guilty to robbery by intimidation" does not change these facts. Doc. 72 at 10; *see* doc. 62-1 at 25. The letter he relies upon (in addition to not being an approved *Shepard* document) does not say what Green seems to think it says: instead, it noncommittedly explains that "in outlining the case to the judge, the assistant District Attorney does not address the date of the incident[,] but it appears from her statement that the event involving both victims occurred at the same time." Doc. 62-1 at 25. This statement does not establish that the two robberies occurred, were considered, or were treated at sentencing as one single simultaneous offense. Rather, Green's own exhibit (of the state court plea hearing on the two armed robbery charges) reveals only that he was charged with two *separate* counts of armed robbery, and that via his plea agreement he intended to "plead[ ] to *two separate counts* of robbery." Doc. 62-1 at 29 (emphasis added); doc. 67-1 at 6-7 & 10-11.

Again, Green's belated objection to the facts contained within the PSR are procedurally defaulted and cannot now support his motion to vacate his sentence. And between his conviction for armed robbery and two convictions for robbery by intimidation, Green still makes it to the magic number three for § 924(e) enhancement as a career offender.

[9] Because his motion is without merit and his contentions are unambiguously contradicted by the record, Green's request for an evidentiary hearing (docs. 62 at 13 & 72 at 10) is **DENIED**. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th

reasons set forth above, it is plain that he raises no substantial claim of deprivation of a constitutional right. Accordingly, no certificate of appealability should issue. 28 U.S.C. § 2253; Fed. R. App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this

---

Cir. 2014) (a hearing is unnecessary "if the allegations are 'patently frivolous,' 'based upon unsupported generalizations,' or 'affirmatively contradicted by the record.'"); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (same); *Lynn*, 365 F.3d at 1239 (where the motion "amount[ed] to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied Lynn's § 2255 motion.").

R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __1st__ day of March, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA