# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JERRY ORENTHAL GREEN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV416-153 |
| | ) | CR405-139 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER**

Given that the evidentiary hearing in this matter (regarding the simultaneousness or successiveness of movant's robbery by intimidation predicate offenses) is approaching, several matters must be dealt with immediately: (1) whether the Government can present argument, for the first time, about Jerry Green's South Carolina drug conviction; (2) whether Green can raise an ineffective assistance of counsel claim at this stage; and (3) what the Court may consider in evaluating his robbery by intimidation convictions.

Currently before the Court is the Government's supplemental responsive briefing arguing, for the first time, that movant's South Carolina drug conviction is an Armed Career Criminal Act (ACCA)

predicate offense. Doc. 83.[1] In the Court's Report and Recommendation (R&R), the undersigned determined that Green's conviction was a "first offender" offense, and thus could not qualify as an ACCA predicate.[2]

The Government did not object to that conclusion, and the R&R was adopted in part by the District Judge. *See* doc. 77 at 18 (adopting the R&R to the extent it concluded the South Carolina offense was *not* an ACCA predicate but Green's armed robbery conviction was; declining to adopt the R&R to the extent it found Green's robbery by intimidation convictions counted as separate predicate offenses under the ACCA and

---

[1] The Court is citing to the criminal docket in CR405-139, and all page numbers are those imprinted by its CM/ECF docketing software.

[2] The ACCA provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g), and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Only those state drug offenses "for which a maximum term of imprisonment of *ten* years or more is prescribed by law" qualify as "serious drug offense[s]." 18 U.S.C. § 924(e)(2)(A)(ii) (emphasis added). S.C.C.A. § 44-53-370(b)(2) provides that a person convicted of possession with intent to distribute marijuana, a Schedule I controlled substance, or cocaine, a Schedule II controlled substance, "is guilty of a felony and upon conviction, for a first offense must be imprisoned not more than five years or fined not more than five thousand dollars, or both." Thus, a first-time conviction for possession could not qualify as an ACCA predicate. It was unclear from the sparse record -- the Government presented no argument or *Shepard* documents in its initial briefing -- whether Green's prior conviction for possession of cocaine in violation of O.C.G. A. § 16-13-30(j) disqualified him from "first offender" status. Absent that information, the Court could not rely upon his South Carolina offense as an ACCA-qualifying drug offense. The Government contends it now has that evidence. But, as explained below, it is too late for the undersigned to consider it. Any motion for reconsideration of the Order Adopting in Part and Declining in Part that the Government may wish to file must be addressed to the District Judge.

2

referring the matter back to the Magistrate Judge for a further evidentiary hearing). The Government now argues that the R&R got it wrong; that Green's drug offense is indeed an ACCA predicate and it has the evidence to back up that brand new argument. Doc. 82. Green opposes, arguing that the Government waived any such argument by failing to object to the factual and legal conclusions of the R&R. Doc. 83. Green is right.

After a magistrate judge has issued a report and recommendation under 28 U.S.C. § 636(b)(1)(B), a party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings with which it disagrees. *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009). The failure to file an objection "waives the right to challenge" the magistrate judge's findings and legal conclusions (as adopted by the district judge). 11th Cir. R. 3-1; *see also* 28 U.S.C. § 636(b)(1)(B); S.D. Ga. L. R. 72.3. Here, the Government failed to raise its argument in its initial briefing or in any objection to the R&R. It cannot now present, for the first time, argument on an issue already explicitly considered and decided by the District Judge and *conceded* by the Government in its failure to object. Doc. 73 at n. 4; doc. 77 at 18.

3

The South Carolina conviction doesn't count, and the undersigned is barred from entertaining further argument as to whether it should.

Also before the Court is movant's motion for a subpoena to call trial counsel before the Court for the evidentiary hearing and for a copy of trial counsel's CJA voucher. Doc. 84. The district judge, in adopting in part and declining to adopt in part the R&R, left "for the Magistrate Judge to decide in the first instance whether [Green] should be permitted to recast his petition as alleging ineffective assistance based on counsel's failure to object to the [Presentence Investigative Report] at sentencing," thus surmounting the procedural bar to his simultaneous/successive offenses argument. Doc. 77 at 18.

Because such a claim could significantly impact the Court's prior ruling on the merits of the motion, the Court invites counsel to brief the following: (1) whether movant can bring an ineffective assistance claim at this stage, and if so, (2) how trial counsel was ineffective. Movant is thus **ORDERED** to file a supplemental brief alleging a claim for ineffective assistance of counsel, if any, by no later than August 18, 2017. The Government is **ORDERED** to file its opposition, if any, by no later than September 8, 2017. The evidentiary hearing is **CONTINUED**

to September 28, 2017 at 9:00 a.m.

Finally, the district judge has directed the undersigned to hold an evidentiary hearing to further suss out whether movant's "two Georgia convictions for robbery by intimidation count as separate predicate offenses under the ACCA." Doc. 77 at 18. The *Shepard* documents provided are a mess: there are multiple clerical errors, misstatements, and contradictions within these documents. Meanwhile, a non-*Shepard* approved document (the arrest warrant) appears fairly conclusive on the point that the crimes occurred simultaneously. *See* doc. 73 at 6-13; 77 at 2-15. The parties are further directed to brief the Court on whether (1) the *Shepard* documents actually demonstrate that movant's robbery by intimidation convictions are successive, rather than simultaneous, offenses and (2) the Court may consider any non-*Shepard* documents in determining the temporal nature of Green's predicate offenses. The briefing schedule set forth above will apply.

**SO ORDERED,** this __3rd__ day of August, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA